**Todd Brewer WEEKS, Plaintiff–
Appellant,**

v.

**Albert TUFONO; et al., Defendants–
Appellees.**

No. 10–15982.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2011.*

Filed July 25, 2011.

Todd Brewer Weeks, Kaneohe, HI, pro se.

Diane K. Taira, Esquire, Deputy Assistant Attorney General, Office of the Hawaii Attorney General, Honolulu, HI, for Defendants–Appellees.

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

MEMORANDUM **

Todd Brewer Weeks, a Hawaii state prisoner, appeals pro se from the district court's judgment dismissing with prejudice his 42 U.S.C. § 1983 action alleging due process, retaliation, and equal protection claims against state parole board officials for denying him parole. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed all of Weeks's claims because parole board officials are entitled to absolute quasi-judicial immunity for decisions to "grant, deny, or revoke parole," which are "functionally comparable to tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir.2004) (citation and internal quotation marks omitted).

The district court properly found that Weeks's claims were also barred because they were identical to claims that had been dismissed with prejudice in another § 1983 action. *See Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (dismissal appropriate where complaint "merely repeats pending or previously litigated claims" (citation and internal quotation marks omitted)).

Weeks's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.